| | |
|---|---|
| Case No. 8:17-cv-00397-JLS-KES | Date: May 26, 2017 |
| Title: CDK Ventures, LLC v. Performance Shading Systems Inc. et al. | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                   Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

The Court may raise the issue of subject matter jurisdiction at any time, *sua sponte*. *See U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 79 (1988). Generally, subject matter jurisdiction is based on the presence of complete diversity between the parties, *see* 28 U.S.C. § 1332, or on the presence of an action arising under federal law, *see* 28 U.S.C. § 1331. In the Ninth Circuit, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) ("So long as . . . an entity is unincorporated, we apply our 'oft-repeated rule' that it possesses the citizenship of all its members.").

Here, Plaintiff alleges federal subject matter jurisdiction under 28 U.S.C. § 1332. (Notice of Removal ¶ 9, Doc. 1.) Although Plaintiff alleges that it is a Delaware limited liability company with its principal place of business in California (*id.* ¶ 3), Plaintiff does not plead the citizenship of every owner or member of the company.

For the reasons set forth above, the Court ORDERS:

1) Plaintiff to show cause in writing no later than **June 2, 2017** why this action should not be dismissed for lack of subject matter jurisdiction. Failure to respond by the above date will result in the Court dismissing this action.

Initials of Preparer: tg